

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00111-CR

_____

AARON JAVON MCGEE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 29233

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Aaron Javon McGee pled guilty to burglary of a building, unauthorized use of a motor vehicle, evading arrest/detention with a vehicle, and possession of a controlled substance.[1] Pursuant to a plea agreement with the State, McGee was sentenced to ten years' imprisonment. In addition, McGee waived his right of appeal when he signed the following waiver of his rights:

> I freely, voluntarily and knowingly waive and give up any and all rights to appeal, file a motion for new trial or motion in arrest of judgment and/or my right to seek an application for writ of habeas corpus under Article 11.07 of the Code of Criminal Procedure.

The trial court certified that this was a plea-agreement case and that McGee had waived the right of appeal and therefore had no right of appeal.

Even though McGee entered into a plea agreement with the State and otherwise waived his right of appeal, he nevertheless, acting pro se, filed a notice of appeal. Because we find that we are without jurisdiction over this case as a result of McGee's plea agreement with the State and his waiver of the right of appeal, we dismiss the appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> (2)    . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
>> (A)    those matters that were raised by written motion filed and ruled on before trial, or
>>
>> (B)    after getting the trial court's permission to appeal.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Supp.); TEX. PENAL CODE ANN. §§ 30.02, 31.07, 38.04.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court that McGee either (1) filed a motion that was ruled on before trial or (2) obtained the trial court's permission to appeal. To the contrary, the trial court's certification of McGee's right of appeal indicates that he has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification properly indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

On October 28, 2021, we informed McGee of the apparent defect in our jurisdiction over this appeal and afforded him an opportunity to respond and, if possible, cure such defect. McGee did not file a response to our jurisdictional defect letter.

Because McGee has no right of appeal as a result of his plea agreement with the State and as a further result of his explicit, written waiver of that right and because the trial court's certification correctly indicates that he is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Scott E. Stevens
Justice

Date Submitted:     December 6, 2021
Date Decided:       December 7, 2021

Do Not Publish

3